JL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Willian Miguel Quevedo Lopez, | No.   CV-26-02839-PHX-SPL (ASB) |
| Petitioner, | |
| v. | **ORDER** |
| Eric Rokosky, | |
| Respondent. | |

Pro se Petitioner Willian Miguel Quevedo Lopez, an immigration detainee who is confined in the Eloy Detention Center, has filed an Emergency Motion to Enforce Judgment (Doc. 16).

**I.     Procedural History**

On April 21, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his present immigration detention.  In a May 5, 2026 Order, the Court granted the Petition and ordered Respondents to release Petitioner under the February 3, 2026 alternative bond determination, provide him a bond redetermination hearing within seven days, or release him from custody under the same conditions that existed before his detention. The Clerk of Court entered Judgment the same day and closed this case.  On May 14, 2026, Respondents filed a Notice of Compliance stating that Petitioner had received a bond redetermination hearing on May 11, 2026.

**II.     Petitioner's Emergency Motion**

In his Emergency Motion, Petitioner asserts that the May 11, 2026 bond hearing

"did not satisfy the constitutional requirements of due process nor the specific mandates of this Court's judgment." Petitioner asks the Court, "pursuant to [its] Order regarding non-compliance," to order his immediate release from detention.

An Immigration Judge's discretionary bond determination is typically not reviewable in federal court. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("[D]iscretionary decisions granting or denying bond are not subject to judicial review.") (citing 8 U.S.C. § 1226(e)). Accordingly, where a habeas petitioner "asks the Court to second-guess the IJ's weighing of the evidence, that claim is directed solely to the IJ's discretion and is unreviewable." *Sales v. Johnson*, 323 F. Supp. 3d 1131, 1138-39 (N.D. Cal. 2017). And although § 1226(e) does not bar courts from concluding "[t]he evidence before the IJ failed, as a matter of law, to prove flight risk or danger," *Judulang v. Chertoff*, 562 F. Supp. 2d 1119, 1127 (S.D. Cal. 2008), Petitioner alleges no facts regarding his bond hearing and has therefore failed to demonstrate the Immigration Judge's decision was based on insufficient evidence or was otherwise constitutionally inadequate.

For the foregoing reasons, the Court will deny Petitioner's Emergency Motion to Enforce Judgment.

**IT IS ORDERED:**

(1)    Petitioner's Emergency Motion to Enforce Judgment (Doc. 16) is **denied**.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

- 2 -

(2)    This case must remain **closed**.

Dated this 20th day of May, 2026.

_____
Honorable Steven P. Logan
United States District Judge

- 3 -